UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSIRIS LUIS VERDECIA GARCIA (A# 213-401-575),

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

No. 1:26-cv-04819 TLN SCR

ORDER AND

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding pro se with a habeas corpus action pursuant to 28 U.S.C. § 2241. The assigned District Judge has referred the matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. ECF No. 5.

**I. Factual and Procedural Background**

Petitioner, a native and citizen of Cuba, entered the United States without inspection on March 8, 2021, and was subsequently released on recognizance after encountering Border Patrol officers. ECF No. 8 at 1. Immigration and Custom Enforcement ("ICE") officials re-arrested Petitioner on January 25, 2026, following his arrest by local law enforcement for burglary, assault, and domestic battery. Id.

Petitioner filed this petition on June 22, 2026, challenging his "ongoing, prolonged detention" without a bond hearing under the Due Process Clause of the Fifth Amendment. ECF No. 1. In a typewritten page of the otherwise form petition, Petitioner states that he was granted a

bond hearing in an earlier-filed, closed action, Verdecia Garcia v. Warden, Krome Service Processing Ctr., et al., No. 1:26-cv-22118 JEM (S.D. Fla.) ("Verdecia Garcia I"), but claims he was transferred to the California City Detention Facility within this judicial district before the hearing occurred. ECF No. 1 at 6. By way of relief, he seeks his immediate release or, in the alternative, a bond hearing in which the government bears the burden of proof by clear and convincing evidence[.]" Id.

In response to the petition, Respondent provided evidence that Petitioner's court-ordered bond hearing occurred on April 20, 2026, but was continued to allow Petitioner to submit documents. ECF No. 9 (audio recording). On June 2, 2026, Petitioner filed a motion to enforce the Southern District of Florida's order, claiming that the continuance defied the Court's order. Verdecia Garcia I, ECF No. 12. An immigration judge ("IJ") later convened the court-ordered bond hearing on June 12, 2026, and found Petitioner was a danger based on his January 2026 arrest. See ECF No. 10 (audio recording).

On the merits, Respondent argues Petitioner is an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and lacks any procedural protections outside of that statute. Id. at 2-3. In light of the earlier-filed action, Respondent also requests that the Court dismiss the petition under the "first-to-file" rule or, in the alternative, under the successive abuse of the writ doctrine. Id. at 3-6.

**II. Analysis**

The undersigned begins with Respondent's motion to dismiss. As a matter of docket management and avoiding potentially inconsistent rulings on behalf of petitioners with multiple cases, the undersigned is recommending the dismissal of later-filed actions pursuant to the "first-to-file" rule where appropriate. See WCDS Buyer, Inc. v. Sohrab, No. 8:24-CV-02523-FWS-KES, 2025 WL 2093422, at *2 (C.D. Cal. June 20, 2025) ("The [first-to-file] doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments.") (quoting Church of Scientology of California v. U.S. Dep't of Army, 611 F.2d 738, 750 (9th Cir. 1979), overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin., 836 F.3d 987 (9th Cir. 2016)). Under this judicially created "doctrine of

federal comity," a district court may "decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94–95 (9th Cir. 1982); Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005) ("[T]here is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule."). "[T]he second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." In re Bozic, 888 F.3d 1048, 1052 (9th Cir. 2018) (quoting Cedars–Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997)).

Here, the undersigned need not rule on the first-to-file rule because it is clear from the face of the petition that there is no case or controversy. See S. Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 502 (9th Cir. 1990) (courts may raise Article III jurisdiction sua sponte and dismiss if jurisdiction is lacking). Like his pending motion to enforce in the Southern District of Florida, the typewritten portion of the petition complains that his court-ordered bond hearing has been continued and claims he is still waiting for it to occur. ECF No. 1 at 6. But the record is clear that Petitioner received that bond hearing on June 12, 2026. Despite being signed and dated on June 15, 2026, three days after that bond hearing, the petition does not mention it at all. Id. at 19. Even under a liberal construction of its allegations, the undersigned cannot look past the obvious conclusion that plaintiff's chief complaint was remedied prior to the filing of his petition.

Accordingly, the undersigned recommends that the petition be dismissed for lack of case or controversy without prejudice to refiling. Petitioner is advised that Ninth Circuit precedent forecloses an *inherent* due process right to a second or successive bond hearing by virtue of petitioner's continued, prolonged detention, but does not foreclose as-applied challenges based on the factual circumstances of the noncitizen's individual case. Rodriguez Diaz v. Garland, et al., 53 F.4th 1189, 1209-10, 1213 (9th Cir. 2022).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to appoint counsel (ECF No. 4) is DENIED.

In addition, IT IS HEREBY RECOMMENDED that Petitioner's petition for writ of

habeas corpus (ECF No. 1) be DISMISSED without prejudice to refiling.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 23, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE